IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROSPER TRADING ACADEMY, LLC and SCOTT BAUER,<br><br>Defendants. | No. 19-cv-3871<br><br>Honorable Sara L. Ellis |

## DEFENDANT SCOTT BAUER'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Plaintiff Andrew Perrong presents a bare and conclusory complaint against Defendant Scott Bauer ("Mr. Bauer"). On June 10, 2019, Plaintiff filed a three-count complaint against Defendant Prosper Trading Academy, LLC ("Prosper") and Mr. Bauer, alleging that *both* Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). *See* Complaint at Dkt. No. 1. However, Plaintiff's lone allegation against Mr. Bauer is a conclusory, unsupported statement that "Mr. Bauer both personally participated in and authorized the automated telemarketing conduct." *Id.*, ¶ 35. Under both the Supreme Court's instruction in *Twombly* and *Iqbal* and the long-standing pleading standards of this district, Plaintiff cannot drag Mr. Bauer into this matter with just the bald conclusion that he participated and authorized the alleged conduct. Rather, Plaintiff must support these conclusions with properly alleged facts. He has failed to do so, as the Complaint is devoid of any allegations supporting the legal conclusion that Mr. Bauer violated the TCPA. Accordingly, Plaintiff's Complaint against Defendant Bauer should be dismissed.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on July 6, 2018, he texted Prosper in order to receive a free stock tip. *Id.*, ¶ 49. Next, he alleges that he responded "STOP" to Prosper after he received the free stock tip. *Id.*, ¶ 55. Plaintiff contends, however, that on May 20, 2019 and May 22, 2019, he received a text message from Prosper. *Id.*, ¶ 59-61. As a result, Plaintiff believes that both Prosper and Mr. Bauer violated the TCPA. However, Plaintiff does not allege any facts concerning *how* Mr. Bauer—as opposed to Prosper—violated the TCPA. Rather, he provides a single, conclusory allegation that Mr. Bauer "both personally participated in and authorized the automated telemarketing conduct." *Id.*, ¶ 35. He provides no allegations to support this statement nor does he even attempt to explain how he concluded that Mr. Bauer supposedly participated in and authorized the automated telemarketing conduct.

## ARGUMENT

### I. THE LEGAL STANDARD ON A MOTION TO DISMISS.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court clarified the standard for determining whether a plaintiff has stated a claim upon which relief can be granted. There, the Supreme Court held that a complaint must contain more than a simple "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 556-57); *see also Cleversafe, Inc. v. Amplidata*, Inc., No. 11 C 4890, 2011 WL 6379300 (N.D. Ill. 2011). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## II. PLAINTIFF HAS FAILED TO ADEQUATLY PLEAD MR. BAUER VIOLATED THE TCPA.

### A. Plaintiff Must Plead Facts That Demonstrate That Mr. Bauer Had Direct, Personal Participation in or Personally Authorized the Conduct That Purports to Have Violated the TCPA.

Unless Plaintiff alleges facts that Mr. Bauer committed, directly participated in, or otherwise personally authorized, the violation of the TCPA, Plaintiff's claims against Mr. Bauer must fail. Officers or employees of a company are generally not liable for statutory violations based solely on their employment status. *See, e.g., Savanna Grp., Inc. v. Trynex, Inc.*, No. 10 C 7995, 2013 WL 4734004, at *8 (N.D. Ill. Sept. 3, 2013) (finding the head of marketing not liable under TCPA because the allegations were based solely on his status and stating that a different finding would run afoul of the principal that a corporate officer may not be liable for corporate acts based purely on his status in a corporation).

For Mr. Bauer to be found individually liable, Plaintiff would have to show that Mr. Bauer directly authorized or personally engaged in conduct that clearly violated the TCPA. *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013) (finding that an individual officer was not liable in TCPA matter where there were no facts that the individual officer plainly violated the TCPA or that he had anything personally to do with the calls made to plaintiff). Plaintiff does not allege any such facts and instead makes the bare legal conclusion that Mr. Bauer personally participated in and authorized the automated telemarketing conduct.

Recently, the Northern District of Illinois determined that a corporate officer was not liable under the TCPA where there were no alleged facts regarding the individual having a direct and personal participation or authorization in a TCPA violation. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 14 C 5602, 2019 WL 527497, at *6–7 (N.D. Ill. Feb. 11, 2019). In *Arwa*, the court evaluated the standard that a corporate officer "may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved." *Id.* (citing *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 983 (N.D. Ill. 2018)). In *Arwa*, the only facts alleged were that the individual officer "knew" or "was aware" of the company's procedures. *Id.* However, the court stated that "mere knowledge is not enough; '[d]irect participation or authorization' is required." *Id.*

In fact, courts refuse to impose personal liability on a corporate officer for a marketing operation unless he/she personally participated in it. *See, e.g., Savanna Grp.*, 2013 WL 4734004 at *8 (finding no personal liability where corporate officer merely signed a check and did not know what it was for); *Mais*, 2013 WL 1283885 at *4 (concluding that there was "no evidence" that

4

corporate officer had "anything personally to do with the calls made to Plaintiff"). Here, the Complaint is devoid of any allegations which, even if true, would impose liability upon Mr. Bauer under the TCPA. Indeed, Plaintiff alleges **no** facts to suggest that Mr. Bauer authorized or personally engaged in the marketing operation.

### B. *Iqbal* and *Twombly* Require More Than a Conclusory Allegation that Recites the Statute.

In the absence of any factual allegations that would make the elements of his claims against Mr. Bauer plausible, merely reciting that Mr. Bauer "both personally participated in and authorized the automated telemarketing conduct[,]" is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("formulaic recitation of the elements" is not entitled to an assumption of truth); *Brooks*, 578 F.3d at 581. The Seventh Circuit has explained,

> We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more. These are the plaintiffs who have not provided the "showing" required by Rule 8.

*Brooks*, 578 F.3d at 581.

Plaintiff's only allegations against Mr. Bauer are based on the premise that "[m]any courts have held that corporate actors can be individually liable for violating the TCPA where they had **direct, personal participation in or personally authorized** the conduct found to have violated the statute." Compl., Dkt. No. 1, ¶33 (citing *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013)). Yet, the only allegation that Plaintiff makes against Mr. Bauer is the bare legal conclusion that "Mr. Bauer both personally participated in and authorized the automated telemarketing conduct[.]" Plaintiff has simply failed to provide any type of support that Mr. Bauer had direct, personal participation in or personally authorized the alleged conduct. Instead, Plaintiff attempts to formulaically recite the

elements he deems to be supportive of the law of personal liability under the TCPA. As this Court has recently cited, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Overwell Harvest Ltd. v. Widerhorn*, No. 17 C 6086, 2019 WL 398700, at *3 (N.D. Ill. Jan. 31, 2019) (granting motion to dismiss) (quoting *Iqbal*, 556 U.S. at 678); *Schreiner v. U.S. Smokeless Tobacco Co.*, No. 17 C 7530, 2019 WL 1454529, at *4 (N.D. Ill. Apr. 1, 2019) ("The Court need not consider […] legal conclusions when considering the viability of Plaintiffs' claims, particularly where they are not supported by factual allegations."). Here, Plaintiff has not pled any factual content that allows this Court to draw a reasonable inference that Mr. Bauer is liable for violating the TCPA. It would be especially inappropriate to require an individual to defend himself based on an unsupported conclusory allegation. As a result, Plaintiff has failed to state a claim against Mr. Bauer for which relief could be granted, and Plaintiff's Complaint against Defendant Bauer should be dismissed.

## CONCLUSION

Wherefore, for all of the foregoing reasons, Plaintiff's Complaint against Defendant Bauer should be dismissed.

Dated: July 23, 2019
Respectfully submitted,

SCOTT BAUER

By: /s/ Richard A. Saldinger
One of His Attorneys

**LATIMER LEVAY FYOCK LLC**
Richard A. Saldinger – ARDC #6209930
Mark B. Goldstein – ARDC #6306038
Email: rsaldinger@llflegal.com
Email: mgoldstein@llflegal.com
55 W. Monroe Street, Suite 1100
Chicago, IL 60606
(312) 422-8000

6

**HAHN LOESER & PARKS LLP**
Ian H. Fisher – ARDC #6224920
Email: ifisher@hahnlaw.com
125 S. Wacker Ave., Suite 2900
Chicago, IL 60606
(312) 637-3000
*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

I, Richard A. Saldinger, an attorney, hereby certify that on this 23rd day of July 2019, I electronically filed the foregoing **Defendant Scott Bauer's Memorandum in Support of His Motion to Dismiss Complaint** with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to all registered parties and counsel.

    Alan W. Nicgorski anicgorski@hansenreynolds.com
    Michael C. Lueder mlueder@hansenreynolds.com
    Anthony Paronich anthony@paronichlaw.com

    /s/ Richard A. Saldinger